**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| **MICHAEL PELTIER and** | § | |
| **KELLY PELTIER** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | |
| | § | **CASE NO. 3:17-cv-0202** |
| **STGJ ENTERPRISES, LLC D/B/A SMI** | § | |
| **AGENCY, LERETA, LLC, and** | § | |
| **WRIGHT NATIONAL FLOOD** | § | |
| **INSURANCE,** | § | |
| | § | |
| **Defendants.** | § | |

## NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, comes Defendant, Wright National Flood Insurance Company ("Wright National"), a Write-Your-Own ("WYO") Program carrier participating in the U.S. Government's National Flood Insurance Program ("NFIP") pursuant to the National Flood Insurance Act of 1968, as amended,[1] appearing herein in its "fiduciary"[2] capacity as the "fiscal agent of the United States,"[3] and files this Notice of Removal, removing the instant lawsuit from the docket of the County Court at Law No. 3 of Galveston County, Texas, to the docket of this Court.  An index of documents being filed contemporaneously with this Notice is attached at Exhibit A.  In support of the instant Notice of Removal, Wright National respectfully represents as follows:

---

[1] 42 U.S.C. § 4001 *et seq.*

[2] 44 C.F.R. § 62.23(f).

[3] 42 U.S.C. § 4071(a)(1); *Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir. 1998); *Newton v. Capital Assur. Co.*, 245 F.3d 1306, 1311 (11th Cir. 2001).

I.

On or about May 22, 2017, Plaintiffs Michael Peltier and Kelly Peltier ("the Peltiers") filed a lawsuit styled "*Michael Peltier and Kelly Peltier, Plaintiffs v. STGJ Enterprises, LLC D/B/A SMI Agency, LERETA, LLC, and Wright National Flood Insurance, Defendants,*" bearing Docket No. CV-0078928 in the County Court at Law No. 3 of Galveston County, Texas.  A true and correct copy of all pleadings and documents served upon Defendant in accordance with 28 U.S.C. § 1446(a) is attached as Exhibit B, and a copy of Plaintiffs' Original Petition filed in State Court, along with a Citation and Case Information Statement, are attached hereto as Exhibit C.

II.

For the reasons that follow, Wright National hereby removes this case from the County Court at Law No. 3 of Galveston County, Texas to the United States District Court for the Southern District of Texas, Galveston Division, pursuant to 42 U.S.C. § 4072; 44 C.F.R. Pt. 61, App. A(1), Art. IX; and 28 U.S.C. §§ 1331, 1337, 1441 and 1446.

A.    **REVIEW OF THE PLAINTIFFS' ORIGINAL PETITION**

1.    As alleged, the Peltiers seek a recovery and/or reimbursement for past and future premiums paid or incurred for a Standard Flood Insurance Policy ("SFIP") issued by Wright National in its capacity as a WYO Program carrier participating in the U.S. Government's National Flood Insurance Program pursuant to the National Flood Insurance Act of 1968.  (*See* Ex. D) (Flood Declarations Page for SFIP Policy Number 42 1151269057).

2.    The Plaintiffs' Original Petition alleges in part as follows:

• "In early 2015, Plaintiffs, who had decided to move from their home in colder climes to Galveston, Texas, began researching the cost to purchase a home in that locale. When

they located a suitable property (at 2705 Ave O, Galveston, TX 77550) they visited SMI in order to determine the full cost of ownership.  The Peltiers discussed the need to insure a home the[y] were considering for purchase, their need to have that home insured and to maintain insurance to obtain a mortgage.  Shortly thereafter, the Agency provided a price quote for homeowners, windstorm, and flood insurance.  However, SMI's quote, apparently based on information provide[d] through Defendants LERETA and/or Wright, represented to the Peltiers that the property was located in a 'preferred flood zone (which has a lower premium then (sic) other flood zones).'  The result was a quotation from SMI for a cost of $430.00 for the annual premium for that flood insurance policy."

- "The Peltiers, acting in reliance on the price quotation and other representations of SMI and/or LERETA and/or Wright closed on that purchase transaction on or about May 31, 2015, the same date the Peltiers purchased the flood policy from Wright, through SMI, again in reliance on those previously mentioned representations."

- "In July, 2015, the Peltiers, due to actions undertaken by their mortgage company (apparently to verify the validity of the insurance coverage provided by the Peltiers as [] required by their security agreement with that mortgagor) discovered the misrepresentations in both the price quotation and the ability to be 'grandfathered' at a lower premium.  The Peltiers were eventually informed that not only was the premium misquoted but that the misquote was due to an error by Defendants in describing the location of the property in a 'preferred zone' for flood insurance rate determination.  The difference in the annual flood insurance premium to the Peltiers was and is roughly $3,500.00 greater than the price quoted."

(Ex. C, ¶¶ 12-14).

3.     The Plaintiffs' Original Petition purports to allege claims for "Deceptive Trade Practices" and "Negligent Misrepresentation".  (*See id.*, pp. 4-5).

4.     The Plaintiffs' Original Petition alleges the following economic and actual damages:

(a)     Out-of-pocket expenses in the past, including but not limited to the cost of a flood insurance policy at the "non-preferred" rate versus the cost of the policy as represented.

(b)     future expenses for the life of the loan which Plaintiffs will, in all reasonable probability, incur for the cost of a flood insurance policy at the 'non-preferred' rate versus the cost of the policy as represented.

(*Id.*, ¶ 22).

5.     The Prayer of the Plaintiffs' Original Petition demands a judgment "for the economic and actual damages requested hereinabove in an amount in excess of the minimum jurisdictional limits of the Court, together with prejudgment and postjudgment interest at the maximum rate allowed by law, attorney's fees, [and] costs of court . . . ."  (*Id.*, p. 6).

## B.     THE FEDERAL GOVERNMENT'S RULES AND THE WYO PROGRAM CARRIER'S ROLE

6.     Congress underwrites all operations of the NFIP through the U.S. Treasury.  This includes appropriations for both the adjustment of claims and the payment of those claims. Similarly, Congress has conferred "rule-making power upon the agency created for carrying out its policy," specifically the Federal Emergency Management Agency ("FEMA").  *See Muncy v. Selective Ins. Co. of Am.*, No. CIV.A. 0:05CV220-HRW, 2007 WL 2229224, at *1 (E.D. Ky. July 31, 2007).

7.     Congress delegated rulemaking authority exclusively to the Federal Government to determine the conditions of insurability and to write the flood policy.  *See* 42 U.S.C. § 4013(a).  Decades ago, FEMA exercised its authority under § 4013(a) to adopt, by regulation, the terms and conditions of insurability, which includes the Standard Flood Insurance Policy ("SFIP"), itself, which is found at 44 C.F.R. Pt. 61, App. A.

8.     Pursuant to Congressional authorization found at 42 U.S.C. § 4071(a)(1), FEMA uses "Write-Your-Own" companies like Wright National to aid it in its statutory duty to administer the National Flood Insurance Program.  *See also* 42 U.S.C. § 4081(a) (permitting FEMA's Director to enter into arrangements with private insurance companies in order to make use of their "facilities and services"); 44 C.F.R. § 62.23(a)-(d) (establishing the WYO program to permit private insurers to sell and administer Standard Flood Insurance Policies).

9.     Wright National, as a WYO Program carrier, is authorized to issue the SFIP which is a federal regulation found at 44 C.F.R. Pt. 61, App. A(1), on behalf of the federal government pursuant to the "Arrangement" between itself and FEMA, set forth at 44 C.F.R. Pt. 62, App. A (2015).  These forms of the flood policy are incorporated into the Code of Federal Regulations at 44 C.F.R. § 61.13(a).  "[T]he exact terms and conditions of NFIP policies and eligibility for federal flood insurance are dictated by federal law."  *Spong v. Fid. Nat'l Prop. & Cas. Ins. Co.*, 787 F.3d 296, 299 (5th Cir. 2015).

10.     Wright National cannot waive or alter or amend any of the provisions of the SFIP. *See* 44 C.F.R. §61.13(d); 44 C.F.R. Pt. 61, App. A(1), Art. VII(D).

11.     Wright National's role, as a WYO Program carrier and as set forth in the Arrangement, is to market, sell, administer, and handle claims under SFIPs that it is authorized to

-5-

issue on behalf of the federal government, and it does so in its "fiduciary" capacity as "fiscal agent" of the United States. *See* 44 C.F.R. § 62.23(f); 42 U.S.C. § 4071(a)(1).

12.     Since 1983, Write-Your-Own Program companies have issued Standard Flood Insurance Policies in their names collecting premiums in segregated accounts from which they pay claims and make necessary refunds under those policies. *See* 44 C.F.R. §§ 61.13(f), 62.23(a); 44 C.F.R. Pt. 62, App. A, Arts. II(E), III(D), III(E). Premiums collected from policy holders by the Write-Your-Own Program companies are, after deduction of the companies' fees and administrative costs, deposited in the National Flood Insurance Fund in the United States Treasury. *See* 42 U.S.C. § 4017(d). "Premiums are federal funds from the moment they are collected," with interest earned thereon belonging to the United States (Write Your Own companies must remit to the Treasury "all funds, including interest, not required to meet current expenditures"). *See* 44 C.F.R. Pt. 62, App. A, Art. VII(B) (2015); *Parsons Footwear, Inc. v. Omaha Prop. & Cas. Co.*, 19 F. Supp. 2d 588, 590 (N.D.W. Va. 1998). In the absence of sufficient funds in the segregated accounts, Write-Your-Own Program companies pay claims and make refunds by drawing on FEMA letters of credit from the U.S. Treasury. *See* 44 C.F.R. Pt. 62, App. A, Art. IV (2015); *Flick v. Liberty Mut. Fire Ins. Co.,* 205 F.3d 386, 393-94 (9th Cir. 2000).

13.     Wright National, as a WYO Program carrier, is authorized to issue SFIPs on behalf of the Federal Government pursuant to the "Arrangement" between itself and FEMA, set forth at 44 C.F.R. Pt. 62, App. A (2015) and 42 U.S.C. § 4072 conveys "original exclusive" jurisdiction over any claim involving the administration of a flood policy and claims handling matters under the SFIP. Effective October 1, 2004, there was a revised Arrangement between

FEMA and all WYO Program carriers.  In that revised Arrangement, FEMA further clarified its regulations to make clear that in addition to disputes arising from claims and claims handling, the policy sales and administration, *e.g.*, rating and issuance, are performed by WYO Program carriers (a) in their fiduciary capacity to the government, (b) utilizing federal funds, and (c) governed by extensive federal regulations.

14.     Moreover, FEMA stated its view that "any" such litigation states a federal question.  Each of these points is now clearly stated within the revised Arrangement, and in the following two paragraphs:

> Whereas, FIA has promulgated regulations and guidance implementing the Act and the Write-Your-Own Program whereby participating private insurance companies act in a fiduciary capacity utilizing federal funds to sell and administer the Standard Flood Insurance Policies, and has extensively regulated the participating companies' activities when selling or administering the Standard Flood Insurance Policies; and

> Whereas any litigation resulting from, related to, or arising from the Company's compliance with the written standards, procedures, and guidance issued by FEMA or FIA arises under the Act, regulations, or FIA guidance, and legal issues thereunder raise a federal question; and . . .

44 C.F.R. Pt. 62, App. A, Art. I (2015).

15.     The National Flood Insurance Program, the Standard Flood Insurance Policy, and the Write-Your-Own carriers participating in the National Flood Insurance Program are all governed exclusively by federal law, not state law:

> Since the flood insurance program is a child of Congress, conceived to achieve policies which are national in scope, and since the federal government participates extensively in the program both in a supervisory capacity and financially, it is clear that the interest in uniformity of decision present in this case mandates the application of federal law.

*West v. Harris*, 573 F.2d 873, 881 (5th Cir. 1978) (citation omitted).

16.     As codified in the Code of Federal Regulations, the SFIP expressly states that "This policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. § 4001, *et seq*.), and Federal common law."  44 C.F.R. pt. 61, App. A(1), Art. IX.

17.     Based upon the forgoing, it is clear that the NFIP, the SFIP, and WYO Program carriers participating in the NFIP are all governed by federal law, not state law.

## C.     FEDERAL QUESTION JURISDICTION

18.     42 U.S.C. § 4072 conveys "original exclusive" jurisdiction over claims involving administration of the SFIP.  This original, exclusive jurisdiction encompasses all claims relating to the provision of flood insurance under the NFIA regardless of whether they are pled in contract, tort or other state statutory remedies, and regardless of whether the named defendant is FEMA or a WYO Program Carrier like Wright National.

19.     Moreover, this Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

20.     "[F]ederal question jurisdiction arises" in cases where (as here) "state-law claims 'implicate significant federal issues.'"  *Bd. of Dirs. of Rough Riders Landing Homeowners Ass'n, Inc. v. Signature Grp., LLC*, 989 F.Supp.2d 239, 242 (E.D.N.Y. 2013) (citing *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005)).  The claims alleged by Plaintiffs raise substantial issues of federal interest that require interpretation of the National Flood Insurance Act (NFIA), 42 U.S.C. § 4001, *et seq.* and its implementing regulations.

21.     Federal question jurisdiction pursuant to 28 U.S.C. § 1331 does not require that the Plaintiff's complaint / petition plead a federal cause of action.  *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005).  Instead, the complaint / petition must only involve a "controversy respecting the construction and effect of the [federal] laws" which is "sufficiently real and substantial."  *Id.* at 316 (noting that the U.S. Supreme Court has "recognized for nearly 100 years that in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues" and that "[t]he doctrine captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues"); *see also Drawhorn v. Qwest Commc'ns Int'l, Inc.*, 121 F. Supp. 2d 554, 562 (E.D. Tex. 2000).

22.     The meaning and application of the NFIA and the administration of the National Flood Insurance Program (NFIP) are substantial issues of federal interest that involve the construction and effect of federal laws and regulations.  Plaintiffs' Original Petition asserts claims involving the administration of a Standard Flood Insurance Policy, that raise substantial federal questions under the NFIA and its supporting regulations, and that create federal question jurisdiction under 28 U.S.C. §§ 1331 and 1441.

23.     Plaintiffs' Original Petition is predicated on the alleged improper or erroneous classification of their residence with respect to flood zones.  Plaintiffs allege that they have incurred, and will incur, increased SFIP Premiums because their home is located in a flood zone which does not qualify as a "preferred flood zone."  Plaintiffs seek a refund and/or reimbursement for "[t]he difference in the annual flood insurance premium", past and future,

which they estimate is "roughly $3,500 greater than the price quoted".   (*See* Ex. C, ¶¶ 14, 22).

In similar cases involving claims for refunds or reimbursement of SFIP premiums, Federal

District Courts have concluded that federal question jurisdiction exists over such claims under 28

U.S.C. § 1331.  *See, e.g.*, *Southpointe Villas Homeowners Ass'n, Inc. v. Scottish Ins. Agency,*

*Inc.*, 213 F.Supp.2d 586 (D.S.C. 2002); *Bd. of Directors of Rough Riders Landing Homeowners*

*Ass'n, Inc. v. Signature Grp., LLC*, 989 F.Supp.2d 239 (E.D.N.Y. 2013); *Raley v. Fletcher*, No.

1:07-cv-1118-LTS-RHW, 2007 WL 4200818 (S.D. Miss. 11/26/2007).

      24.    As noted by one District Court, flood insurance premiums belong to the United

States Government, and the terms, rate structures and premium costs of SFIPs – including the

SFIP which is the subject of this action – are regulated extensively by FEMA and governed

exclusively by federal law:

> The National Flood Insurance Act (NFIA) of 1968 established the National Flood
> Insurance Program (NFIP) as a vehicle for providing property owners with
> affordable flood insurance subsidized by the federal government.  42 U.S.C. §§
> 4001 *et seq.*  In 1983, the Federal Emergency Management Agency (FEMA)
> promulgated regulations enabling private insurers to provide flood insurance
> under the "Write Your Own" (WYO) Program.  44 C.F.R. § 61.13(f).  WYO
> insurers deposit flood insurance premiums with the United States Treasury after
> deducting their fees and administrative costs and draw on FEMA letters of credit
> when they lack sufficient funds to pay claims.  *Southpointe Villas Homeowners*
> *Assoc., Inc. v. Scottish Ins. Agency,* 213 F.Supp.2d 586, 588 (D.S.C. 2002).
> FEMA also reimburses WYO insurers for certain defense costs related to claims
> handling and policy administration because they are fiscal agents of the United
> States.  *Id.*  Furthermore, the NFIA confers original, exclusive jurisdiction to the
> "United States district court for the district in which the insured property" is
> located.  *See* 42 U.S .C. § 4072.
>
> WYO insurers issue Standard Flood Insurance Policies (SFIPs), whose terms, rate
> structures and premium costs are regulated by FEMA.  *Southpointe*, 213
> F.Supp.2d at 588.  The SFIP provides: "This [flood] policy and all disputes
> arising from the handling of any claim under the policy are *governed exclusively*
> by the flood insurance regulations issued by FEMA, the National Flood Insurance
> Act of 1968, as amended (42 U.S.C. [§§ ] 4001 *et seq.*), and Federal common
> law."  44 C.F.R. Part 61, App. A(1) art. IX (emphasis added).  FEMA regulations

> mandate that WYO companies . . . exclusively adhere to the National Flood
> Insurance Manual when issuing flood insurance refunds "because flood insurance
> premiums are funds of the Federal Government."  44 C.F.R. Pt. 62, App. A, Art.
> III(E); *see Southpointe*, 213 F.Supp.2d at 593 (federal policy requires "uniform
> interpretation" of the Flood Manual regarding overcharged premiums, otherwise
> federal funds would be at risk without predictability).

*Boyd v. Standard Fire Ins. Co.*, No. 8:14-CV-2074-T-33EAJ, 2014 WL 6607009, at *2 (M.D.

Fla., Nov. 19, 2014).

      25.     The identification and mapping of special hazard areas and flood zones under the

NFIA are governed by the federal regulations set forth in 44 C.F.R. §§ 65.1 through 65.17.

Furthermore, the sale of NFIP policies and the limitations on such sales, are governed by the

regulations set forth in 44 C.F.R. §§ 62.1 through 62.24, and the types of coverage and rates that

are available to an insured are set forth in 44 C.F.R. §§ 61.1 through 61.17.

      26.     In *Raley v. Fletcher, et al.*, No. 1:07-cv-1118-LTS-RHW, 2007 WL 4200818

(S.D. Miss., Nov. 26, 2007), the plaintiff alleged that a WYO Program Carrier (Nationwide),

through its agent, negligently classified her property in an incorrect flood zone and issued her a

"non-preferred" flood insurance policy rather than a "preferred risk" policy.  The plaintiff

alleged that as a result, she had suffered economic damages in the form of overpayment of

premiums and lower coverage limits based on the premiums paid and the flood zone in which the

property was actually situated.  The Southern District of Mississippi held that the plaintiff's

allegations (although couched as a state law negligence claim) established federal question

jurisdiction supporting removal:

> These allegations establish federal question subject matter jurisdiction under 28
> U.S.C. § 1331, even though the plaintiff has couched her claims in terms of
> negligence under state law. Establishing the right to a premium refund or to
> reformation of a SFIP is a matter governed by federal common law and the
> National Flood Insurance Act.

*Raley v. Fletcher*, No. 1:07-cv-1118-LTS-RHW, 2007 WL 4200818, at *1 (S.D. Miss., Nov. 26,

2007) (citing *Southpointe Villas Homeowners Ass'n, Inc. v. Scottish Insurance Agency, Inc.,* 213

F.Supp 2d. 586 (D.S.C. 2002)).  The Court added that "a claim for a partial refund of premiums,

which are federal funds, is sufficient to establish federal question jurisdiction." *Id.* (citing *Miccio*

*v. Allstate Ins. Co.*, 2007 WL 163046 (E.D. La. 2007) and *Messina v. State Farm Fire and Cas.*

*Co.,* 2007 WL 625947 (E.D. La. 2007)).

      27.    Because Plaintiffs' action is based on a federal flood insurance policy, the SFIP,

and seeks damages in the form of reimbursement or refund of both past and future federal flood

premiums charged for the SFIP, which necessarily implicates questions of federal law, this

action falls squarely within the Court's jurisdiction over matters involving questions of federal

law under 28 U.S.C. § 1331 as well as the Court's exclusive jurisdiction under 42 U.S.C. § 4072.

      28.    Additionally, removal of this case is also proper under 28 U.S.C. § 1337, which

provides that the District Court shall have original jurisdiction of any civil action or proceeding

arising under any act of Congress regulating commerce.  Clearly, under 42 U.S.C. § 4001, *et*

*seq.*, Congress is regulating commerce by promulgating the complex and comprehensive

statutory scheme that is commonly described as the National Flood Insurance Act.  As

previously noted by the Third Circuit Court of Appeals:

> The insurance industry in the United States operates in interstate commerce.
> States may regulate the insurance industry only to the extent Congress permits.
> U.S. Const. art. I, § 8, cl. 3.  The McCarren-Ferguson Act, 15 U.S.C.§ 1011, *et*
> *seq.*, grants states this power except where Congress enacts legislation that
> 'specifically relates to the business of insurance.'  15 U.S.C.§ 1012 (b).  In
> *Barnett Bank of Marion County v. Nelson*, 517 U.S. 25, 116 S.Ct 1103, 134
> L.Ed.2d 237 (1996), the Supreme Court held that the exception for acts relating to
> the business of insurance should be construed broadly, noting that '[t]he word
> 'relates' is highly general.'  *Id.* at 38, 116 S.Ct. 1103.  Without doubt the NFIA is
> congressionally-enacted legislation relating to the business of insurance.

-12-

*C.E.R. 1988, Inc. v. Aetna Cas. & Surety Co.*, 386 F.3d 263, 267 n.3 (3rd Cir. 2004). Because

the claims alleged in the Plaintiffs' Original Petition arise under the National Flood Insurance

Act, 42 U.S.C. § 4001, *et seq.*, original jurisdiction is reposed with the federal courts under 28

U.S.C. § 1337. Under § 1337, removal is proper where the facts alleged in the plaintiff's petition

bring into play an Act of Congress that regulates commerce, regardless of whether any reference

to the Act appears in the plaintiff's pleading. *See Uncle Ben's Int'l Div. of Uncle Ben's Inc. v.*

*Hapag-Lloyd Aktiengesellschaft*, 855 F.2d 215, 216-17 (5th Cir. 1988); *Crispin Co., v. Lykes*

*Bros. Steamship Co.*, 134 F.Supp. 704, 706 (S.D. Tex. 1955); *Puerto Rico v. Sea-Land Serv. Inc.*,

349 F.Supp. 964, 973-74 (D.P.R. 1970).

## D.   SUPPLEMENTAL JURISDICTION OVER ANY STATE LAW CLAIMS OR CROSS-CLAIMS

29.     To the extent that any of the claims alleged by the Plaintiffs (or any of the cross-

claims of SMI Agency)[4] are not subject to federal jurisdiction, this Court can exercise

supplemental jurisdiction over all such claims and cross-claims under 28 U.S.C. § 1367,[5] which

provides that "the district courts shall have supplemental jurisdiction over all other claims that

---

[4] On June 23, 2017 (the date of filing of this notice of removal), Wright National's counsel
inspected the docket of the state court and learned that on June 22, 2017, 5:29 pm, co-defendant
STGJ Enterprises, LLC D/B/A SMI Agency filed an Answer to Plaintiffs' Original Petition and
Cross-Claim against Wright National and LERETA, LLC, purporting to allege claims for
contribution, negligence and negligent misrepresentation. The Cross-Claim for Contribution
alleges in part that "the damages claimed by Plaintiffs were proximately caused by the acts or
omissions of Cross-Defendants, who are in the business of quoting flood zone designations,
writing and issuing flood insurance; and who actually misquoted the flood zone designation and
placed the insurance policy based on the misquoted flood zone designation." Wright National
has not been served with the Cross-Claim as of the date of this Notice of Removal, but asserts
that this Court has original federal jurisdiction over the claims alleged in the Cross-Claim for the
same reasons stated above with respect to Plaintiffs' Original Petition, pursuant to 42 U.S.C. §
4072; 44 C.F.R. Pt. 61, App. A(1), Art. IX; and 28 U.S.C. §§ 1331, 1337, 1441 and 1446.
[5] The Court also may exercise ancillary jurisdiction over the cross-claims. *See Zurn Indus., Inc.*
*v. Acton Const. Co.*, 847 F.2d 234, 236-37 (5th Cir. 1988).

are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367; *see also Exxon Mobile Corp. v. Allapattah Servs., Inc.*, 125 S. Ct. 2611, 2620 (2005).

**E.      ALL PROCEDURAL REQUIREMENTS HAVE BEEN MET**

30.      28 U.S.C. § 1446(a) provides in part that "[a] defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal . . . , together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."  Pursuant thereto, Wright National is filing this Notice of Removal in the United States District Court for the Southern District of Texas, Galveston Division, which is the district and division within which the state court action is pending.  Additionally, a copy of all process, pleadings, and orders served upon Wright National is attached to this Notice of Removal.

31.      28 U.S.C. § 1446(b)(1) provides in part that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."   Wright National's registered agent first received the Citation and Plaintiff's Original Petition on May 30, 2017.  (Ex. C).  This Notice of Removal is timely filed within 30 days after the receipt by Wright National, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, in accordance with 28 U.S.C. § 1446(b)(1).

32.      28 U.S.C. § 1446(b)(2)(A) provides that "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or

consent to the removal of the action."  Consent to removal is *not* required from defendants who have not been served as of the date of removal.  *See Jones v. Houston Indep. Sch. Dist.*, 979 F.2d 1004, 1007 (5th Cir. 1992); *Smith v. Metabolife Int'l, Inc.*, No. 4:03-CV-476-A, 2003 WL 21747684, at *1 (N.D. Tex. July 16, 2003) ("Metabolife was not required to secure the consent of parties who had not been served prior to the filing of the notice of removal.").

33.     As of the date of this Notice of Removal, LERETA, LLC has not been served. Accordingly, consent to removal by LERETA, LLC is not required under 28 U.S.C. § 1446(b)(2)(A).    Notwithstanding, counsel for Wright National has conferred with a representative of LERETA, LLC and confirmed that LERETA, LLC consents to the removal of this action.  By e-mail dated June 22, 2017, counsel for LERETA, LLC confirmed that LERETA, LLC consents to removal.  (Ex. F).

34.     Additionally, counsel for Wright National has conferred with a representative of STGJ Enterprises, LLC D/B/A SMI Agency and confirmed that STGJ Enterprises, LLC D/B/A SMI Agency consents to the removal of this action.  By e-mails dated June 16, 2017 and June 23, 2017, counsel for STGJ Enterprises, LLC D/B/A SMI Agency confirmed that STGJ Enterprises, LLC D/B/A SMI Agency consents to removal.  (Ex. E, pp. 2-3).

35.     In accordance with 28 U.S.C. § 1446(d), promptly after the filing of this Notice of Removal, Wright National is this day giving written notice thereof to all adverse parties, and also filing a copy of this Notice of Removal with the Clerk of the County Court at Law No. 3 of Galveston County, Texas.

## CONCLUSION

WHEREFORE, Defendant, Wright National Flood Insurance Company, prays that this Notice of Removal will be deemed good and sufficient, and hereby gives notice that this action has been removed from the County Court at Law No. 3 of Galveston County, Texas to the United States District Court for the Southern District of Texas, Galveston Division.

Dated:  June 23, 2017                              Respectfully submitted,

**BAKER & HOSTETLER, LLP**

By:      /s/   *Bradley K. Jones*
         Bradley K. Jones
         State Bar No. 24060041
         Federal ID No. 931122
         811 Main Street, Suite 1100
         Houston, Texas 77002
         Telephone:     (713) 751-1600
         Facsimile:     (713) 751-1717
         E-mail:  bkjones@bakerlaw.com

         AND

**FREEBORN & PETERS LLP**
Theodore I. Brenner (VSB # 17815)
Alexander S. de Witt (VSB # 42708)
Joel W. Morgan (VSB # 65761)
411 East Franklin Street, Suite 200
Richmond, VA 23219
Telephone:     (804) 644-1300
Facsimile:     (804) 644-1354
E-mail: tbrenner@freeborn.com
E-mail: adewitt@freeborn.com
E-mail: jwmorgan@freeborn.com

**COUNSEL FOR DEFENDANT WRIGHT
NATIONAL FLOOD INSURANCE COMPANY**

-16-

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 23, 2017, a true copy of the foregoing Notice of Removal

was served by registered electronic mail and by certified mail, return receipt requested, upon the

following:

Ramzey Zein-Eldin, Esq.
6511 Stewart Road, Suite 4
P.O. Box 3951
Galveston, Texas 77552
E-mail: ramzey543@gmail.com
*Counsel for Plaintiffs*

Scott R. Breitenwischer, Esq.
Kamilla Shlimak, Esq.
Royston, Rayzor, Vickery & Williams, LLP
1600 Smith Street, Suite 5000
Houston, Texas 77002
E-mail: scott.breitenwischer@roytsonlaw.com
E-mail: kamilla.shlimak@roystonlaw.com
*Counsel for STGJ Enterprises, LLC DBA SMI Agency*

Clark & Trevithick
Alexander McGilvray
800 Wilshire Blvd., 12th Floor
Los Angeles, CA 90017
Email: amcgilvray@ClarkTrev.com
*Counsel for Lereta, LLC*

/s/ *Bradley K. Jones*
Bradley K. Jones

-17-