## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | | |
|---|---|---|
| **MICHAEL PELTIER AND** | § | |
| **KELLY PELTIER** | § | |
|    **Plaintiffs,** | § | |
| | § | **CA NO. 3:17- cv-00202** |
| **STGJ ENTERPRISES, LLC** | § | |
| **D/B/A DEFENDANT  SMI AGENCY,** | § | |
| **LERETA, LLC,** | § | |
| **AND WRIGHT NATIONAL FLOOD** | § | |
| **INSURANCE** | § | |
|    **Defendant s.** | | |

## PLAINTIFF'S MOTION TO REMAND
## AND MEMORANDUM OF LAW IN SUPPORT

Plaintiffs Michael Peltier and Kelly Peltier, ("Peltier"), move for remand of this action to the County Court at Law No. 3, Galveston County, Texas and respectfully shows as follows:

## I. SUMMARY OF THE CASE

1.      As set out in the State Court Petition, in early 2015, Plaintiffs, who had decided to move from their home in colder climes to Galveston, Texas, began researching the cost to purchase a home in that locale.  When they located a suitable property at 2705 Ave O, Galveston, TX 77550 they visited Defendant SMI in order to determine the full cost of ownership. They discussed the need to insure a home they were considering for purchase and to maintain insurance to obtain a mortgage.

2.      Shortly thereafter, the Agency Defendant SMI provided a price quote for homeowners, windstorm, and flood insurance.  Defendant SMI's quote, was apparently based on information provided through Defendant s LERETA and/or Wright.

3.      Defendants represented to the Plaintiffs that the property was located in a "preferred flood zone," which has a lower premium and lower flood risk.  The result was a quotation from Defendant SMI for a cost of $430.00 for the annual premium for that flood insurance policy.

4.      The Plaintiffs live on a fixed retirement income.  They weighed the purchase price and other costs associated with owning the property in Galveston and decided to purchase that home.  The cost was at the top of their budget.

5.      The Plaintiffs, acting in reliance on the price quotation and representations of Defendants SMI and/or LERETA and/or Wright closed on that purchase transaction on or about May 31, 2015.  The Plaintiffs purchased the flood policy from Defendant Wright and through Defendant SMI in reliance on those previously mentioned representations.

6.      In July, 2015, the Plaintiffs discovered the misrepresentations in the flood risk and the price quotation.  The Plaintiffs were informed that the property was in a higher risk flood zone and that the misquoted premium was due to an error by Defendants in describing the location of the property in a "preferred zone" for flood insurance rate determination.   The difference in the annual flood insurance premiums for similar coverage to the Plaintiffs is roughly $3,500.00 greater than the price quoted.

## II. <u>STATUS OF PROCEEDING</u>

7.     Defendant BMI filed its Answer in State Court and cross claimed against Defendant Wright.  The Defendant Wright filed its Answer and has removed to this Court[1]

## III.     <u>ARGUMENT AND AUTHORITIES</u>

### A. <u>The Legal Standard On Motion For Remand</u>

8.     An action removed to federal court must be remanded if the district court determines that it lacks subject matter jurisdiction.  28 U.S.C. § 1447(c) ("if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.") *McDonal v. Abbott Labs.,* 408 F.3d 177, 182-83 (5th Cir. 2005).  Due to federalism concerns, the removal statute is construed strictly in favor of remand.   *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108-09 (1941).  Accordingly, any ambiguities are construed against removal.  *Butler v. Polk,* 592 F.2d 1293, 1296 (5th Cir. 1979).

9.     The party seeking to remove a case to federal court bears the burden of establishing federal jurisdiction.  *Jernigan v. Ashland Oil, Inc,* 989 F.2d 812, 815 (5th Cir. 1993).

10.     The Court must evaluate the factual allegations made in the state-court pleadings in the light most favorable to the Plaintiff.  *B., Inc. v. Miller Brewing Co.,* 663 F.2d 545, 549 (5th Cir. 1981).  The Court need not determine whether the plaintiff will

---

[1] The mailed citation to Defendant LERETA was returned to the State Court Clerk as unserved.

prevail on the merits; rather, the Court need look only for a possibility that the plaintiff may prevail. *Guillory v. PPG Indus. Inc.,* 434 F.3d 303, 308-09 (5th Cir 2005). "If that possibility exists, then a good faith assertion of such an expectancy in a state court is not a sham . . . and is not fraudulent in fact or in law." *Dodson v. Spiliada Maritime Corp.,* 951 F.2d 40, 43 (5th Cir. 1992) (internal citations omitted).

### B. Case Law Specific To The Plaintiff's Claims Supports Remand.

11.     The claims asserted by Plaintiff are "policy Procurement claims"  and  not pre-empted:

12.     The claims asserted by Plaintiff do not challenge the federal regulations relating to Flood Insurance nor the administration of the Program or Claims.  Plaintiffs' claims are based on the damages they have and will continue to suffer from the actions of the Defendant s relating to the Plaintiffs the initial purchase of the Home and flood policies.  Federal law does not preempt such claims.  See, *Spong v. Fidelity National Property and Casualty Ins. Co.* 787 F3d 296,  306  (5th Cir.,  2015),  after remand  2017 WL 2870989 (5th Cir., July 5, 2017).   See also, *Harris v. Nationwide Mutual Fire Ins. Co.,* 832 F3d 593 (6th Cir. 2016) and *Campo v. Allstate Insurance  Company,* 562 F.3d 751 (5th Cir. 2009); on remand 727 F. Supp 2d 495, 2010 U.S. Dist. LEXIS 90676 (E.D. La. 2010); 440 Fed. Appx. 298,  2011 U.S. App. LEXIS 18393 (5th Cir 2011).

13.     The claims asserted by Plaintiffs in their Original Petition in State Court are based on their status is "consumers" under the Texas Deceptive Trade Practices Act (§ 17.41, et. seq., TEX. BUS & COM. CODE "TB&CC").  Plaintiffs have asserted false,

misleading and deceptive conduct by Defendants in their misrepresentations of the flood risk and the flood insurance premium.

14.     The State Court Petition asserts the Defendants misrepresentations constitute a violation of the Texas Deceptive Trade Practices Act laundry list by:

> "…causing confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services; representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which the person does not."  Section 17.46 (b)(5) TEX. BUS. & COM. ACT..[2]

15.     Under the DTPA, even an "innocent" misrepresentation of this nature is actionable.  A "knowing" violation would qualify for additional damages but Plaintiffs have made no such claim to a "knowing" misrepresentation.[3]

16.     The Plaintiffs' Petition, further sets out the claim  that Defendants supplied false information in the course of their business, profession or employment, or in the course of a transaction in which Defendants have a pecuniary interest, and that such information was supplied by Defendants for the guidance of Plaintiffs in the transactions described hereinabove.  Plaintiffs further claim Defendants failed to exercise reasonable care or competence in obtaining or communicating such information.     This misinformation is the flood risk and cost of insurance.   Plaintiffs suffered pecuniary loss, which was proximately caused by Plaintiffs' justifiable reliance on such information.

---

[2] The State Court Petition mistakenly cites this as §17.46(b)(2); however, the language quoted above and quoted in the State Court  Petition is from §17.46(b)(5).

[3] Plaintiff anticipates filing an Amended Complaint by Monday August 7, 2017 in which it expects will include additional legal claims under §§541.051 (1) and 541.061 TEX. INS. CODE .  The arguments asserted in connection with the DTPA claims are equally applicable to the Insurance Code claims.

17.     Plaintiffs therefore assert a cause of action for negligent misrepresentation against Defendants, as provided by *Federal Land Bank Association of Tyler v. Sloane,* 825 S.W.2d 439 (Tex. 1991).

18.     As described in the *Spong* case cited above, the legal claims are focused on the sale of the insurance to the Plaintiff.  The factual basis to those legal claims are clearly within the "procurement" exception to the federal preemption defenses asserted by Defendant  Wright.  The Plaintiffs are <u>NOT</u> seeking payment or adjustment of a claim, are NOT seeking a "discounted" flood policy and are NOT seeking a revision of the flood designation.

19.     The low flood risk and lower cost of flood insurance are part and parcel of the Plaintiffs' decision to sell their home and relocate to the Texas Gulf Coast and to buy the home in  Galveston.  The Plaintiffs are seeking reimbursement of the extra monies they have and will pay for their insurance because when they procured their insurance they were misled.  The Plaintiffs claims relate to the procurement of their home and the insurance on that home.  Such claims are not preempted because they could affect the availability of affordable flood insurance.

20.     In all preemption cases, and particularly in those where Congress has legislated in a field that states have traditionally occupied, the assumption is that the historic policy powers of the states are not to be superseded by federal law unless that was the clear and manifest purpose of Congress. *Wyeth v. Levine*, 555 U.S. 555, 565, 129 S. Ct. 1187, 173 L.Ed. 2d 51 (2009).  The purpose of Congress is the ultimate touchstone in every preemption case.  *Id.*  Nevertheless, preemption of state law by federal law may

377028.4

be found under three theories: express preemption field, preemption and conflict preemption *Green v. Fund Asset Mgmt.* 245 F.3d 214, 222 (3rd Cir. 2001) and *Campo*, 562 F.3d at 757.

21.    The Supreme Court has cautioned that despite the opportunities for federal preemption, the Court does not assume lightly that Congress has derogated state regulation, and instead addresses claims of preemption by beginning with the presumption that Congress does not intend to supplant state law.  *Municipal Assoc. of S.C.*, 514 U.S. 645, 654, 115 S.Ct. 1671, 131 L.Ed.2d 695 (1995).  Accordingly, a court should be reluctant to find preemption when the subject has been traditionally governed by state law.  *Id.*

22.    Preemption fundamentally rests on congressional intent, best judged through explicit statutory language.  *Schneidewind v. ANR Pipeline Co.*, 485 U.S. 293, 299 (1988).  There can be no express preemption without an explicit instruction for same in a statute or regulation.  *Padalino v. Standard Fire Ins. Co.*, 616 F.Supp.2d 538, 544 (E.D.Pa. 2008).

23.    Preemption cannot be based on 42 U.S.C. §4013(a).  That provision contains no express preemption language.   42 U.S.C. § 4013(a) provides that the Administrator shall "provide by regulation for general terms and conditions of insurability which shall be applicable to properties eligible for flood insurance coverage…".  The Fifth Circuit and others have recognized that the National Flood Insurance Act ("NFIA") contains no express preemption provision.  *Spence v. Omaha*

*Indem. Ins. Co.*, 996 F.2d 793, 796, n. 20 (5th Cir. 1993); *Williams v. Standard Fire Ins. Co.*, 892 F.Supp.2d 615 (M.D.Pa. 2012) .

24.     In *Campo, supra,* the Fifth Circuit discussed Article IX and Congressional intent. The Court noted that two factors demonstrate that federal law does not preempt state-law procurement-based claims.  First, Congress, via its delegation of regulatory power to FEMA, expressly preempted state-law only as to handling-related claims.  And, Congress enactment of a provision defining the pre-emptive reach of a statute implies that matters beyond that reach are not pre-empted.  *Campo*, 562 F.3d at 758-59.

25.     However, litigation defense costs incurred by an insurer should not be paid out of a publicly financed insurance set up when the litigation is grounded in actions by the insurer that are significantly outside the scope of claims handling.  *See* 44 C.F.R.. Pt. 62 App. A., Art. III (D)(3)(a).  Allegations of negligence and fraud by a WYO company have been found to be outside of the arrangement. See,  *Houck v. State Farm Fire & Cas. Co.*, 194 F. Supp. 2d 452 (D.S.C. 2002).  The Plaintiffs have alleged deceptive trade practice violations and acts of negligence that are outside the scope of claims handling.

## IV. <u>PRAYER</u>

26.     Plaintiffs pray that the Court grant its motion to remand this action to the County Court at Law No. 3, Galveston County, Texas.

Respectfully submitted,

**GREER, HERZ & ADAMS, L.L.P.**


By:     */s/John A. Buckley,  Jr.*
        **John A. Buckley, Jr.**
        State Bar No. 03300500
        So. Dist. of Texas No. 7601
        GREER, HERZ & ADAMS, L.L.P.
        2525 South Shore Blvd., Ste. 203
        League City, Texas  77573
        (409) 797-3200 (Telephone)
        (866) 409-7178 (Facsimile)
        jbuckley@greerherz.com

        Ramzey Zein-Eldin
        State Bar No. 22256400
        Admitted Pro Hac Vice
        6511 Stewart Road, Suite 4
        P. O. Box 3951
        Galveston, Texas  77552
        (409) 744-4357 (Telephone)
        (409) 740-0780 (Facsimile)
        Ramzey543@gmail.com

        COUNSEL FOR PLAINTIFFS
        MICHAEL PELTIER AND
        KELLY PELTIER

## <u>CERTIFICATE OF SERVICE</u>

I certify that a copy of the foregoing document was served on the 2nd day of August, 2017 upon the following counsel of record via email:

Scott R. Breitenwischer
ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.
Kamilla Shlimak
1600 Smith Street, Suite 5000
Houston, TX 77002
(713) 224-8380 Telephone
(713) 225-9945 Facsimile
scott.breitenwischer@roystonlaw.com
kamilla.shlimak@roystonlaw.com
Attorneys For Defendant ,
STGJ Enterprises, LLC D/B/A
Defendant SMI Agency

Bradley K. Jones
Baker & Hostetler, LLP
811 Main Street, Suite 1100
Houston, TX 77002
bkjones@bakerlaw.com
Attorneys for Defendant Wright National
Flood Insurance Company

Alexander Spotswood de Witt
Freeborn & Peters LLP
411 East Franklin Street, Suite 200
Richmond, VA 23219
adewitt@freeborn.com
Attorneys for Defendant Wright National
Flood Insurance Company

Alexander C. McGilvray, Jr.
Clark & Trevithick
800 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90017
amcgilvray@clarktrev.com
Attorney for Defendant  Lereta, LLC

*/s/ John A. Buckley*
John A. Buckley, Jr.

377028.4