**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| **MICHAEL PELTIER and** § | | |
| **KELLY PELTIER** § | | |
| § | | |
| Plaintiffs, § | | |
| § | **CASE NO. 3:17-cv-00202** | |
| v. § | | |
| § | | |
| **STGJ ENTERPRISES, LLC D/B/A** § | | |
| **SMI AGENCY, LERETA, LLC, and** § | | |
| **WRIGHT NATIONAL FLOOD** § | | |
| **INSURANCE,** § | | |
| § | | |
| Defendants. § | | |

**MOTION TO DISMISS SMI AGENCY'S FIRST AMENDED
CROSS-CLAIM BY DEFENDANT WRIGHT NATIONAL FLOOD
INSURANCE COMPANY, AND SUPPORTING MEMORANDUM OF LAW**

i

# TABLE OF CONTENTS

**Page**

STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING     1

STATEMENT OF ISSUES AND STANDARD OF REVIEW     2

SUMMARY OF THE ARGUMENT     3

MOTION TO DISMISS AND SUPPORTING MEMORANDUM     4

    I.     Statement Of Alleged Facts and Cross-Claims     5

    II.     Argument     7

        1.     SMI's First Amended Cross-Claim For Contribution Fails To State A Claim Against Wright National     7

        2.     SMI's First Amended Cross-Claim Fails To State A Claim Against Wright National For Negligence And Negligent Misrepresentation     11

    III.     Conclusion And Prayer For Relief     14

CERTIFICATE OF SERVICE     15

## CERTIFICATE OF CONFERENCE

This will certify that prior to filing this motion, undersigned counsel conferred with counsel for SMI Agency regarding the substance of the relief requested (i.e., dismissal of SMI's Cross-Claims against Wright National). The relief requested herein by Wright National is opposed.

**STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING**

In the First Amended Complaint, Plaintiffs Michael Peltier and Kelly Peltier ("Plaintiffs" or "the Peltiers") have alleged three related state law claims under the Texas Deceptive Trade Practices Act and Texas Insurance Code, and for negligent misrepresentation, arising out of the purchase of a Standard Flood Insurance Policy ("SFIP") issued by Wright National Flood Insurance Company ("Wright National"), a Write-Your-Own ("WYO") Program carrier participating in the U.S. Government's National Flood Insurance Program ("NFIP") pursuant to the National Flood Insurance Act of 1968, as amended.

This Court conducted a Telephonic Pre-Motion Conference on July 24, 2017. By Minute Entry entered July 24, 2017 (Dkt. 20), the Court instructed amended pleadings by the Plaintiffs and SMI Agency must be filed by August 7, 2017, and further instructed that any Motions to Dismiss be filed by August 21, 2017. SMI Agency filed its First Amended Cross-Claim on August 7, 2017. The Cross-Claim purports to allege claims for contribution, negligence and negligent misrepresentation against Defendants LERETA, LLC and Wright National. Wright National hereby moves to dismiss the First Amended Cross-Claim pursuant to Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure.

**STATEMENT OF ISSUES AND STANDARD OF REVIEW**

The issue presented by the instant Motion to Dismiss is whether, pursuant to Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure, the First Amended Cross-Claim of SMI Agency fails to state a claim upon which relief can be granted against Wright National for contribution, negligence and negligent misrepresentation.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Edionwe v. Bailey*, 860 F.3d 287, 291 (5th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).

The First Amended Cross-Claim purports to allege a claim for negligent misrepresentation, which is subject to the heightened pleading requirements of Rule 9(b). *See Peacock v. AARP, Inc.*, 181 F.Supp.3d 430, 435 (S.D. Tex. 2016) ("Claims alleging violations of the Texas Insurance Code and the DTPA and those asserting fraud, fraudulent inducement, fraudulent concealment, and negligent misrepresentation are subject to the requirements of Rule 9(b)." (citation omitted)); *Sec. & Exch. Comm'n v. Mapp*, -- F.Supp.3d --, 2017 WL 823559, at *5 (E.D. Tex. Mar. 2, 2017); *Nelson v.*

2

*Ocwen Loan Servicing, LLC*, No. CV H-16-778, 2016 WL 7324284, at *6 (S.D. Tex. Nov. 7, 2016), *report and recommendation adopted*, No. CV H-16-778, 2016 WL 7242735 (S.D. Tex. Dec. 15, 2016).  Moreover, as the main claims alleged in the First Amended Complaint are predicated on fraud and/or misrepresentation, SMI's "claims seeking indemnity or contribution … must conform with the pleading requirements of Rule 9(b)." *Askanase v. Fatjo*, 148 F.R.D. 570, 574 (S.D. Tex. 1993) (citations omitted).

Rule 9(b) requires a party to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b).  "At a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Lopez v. United Property & Cas. Ins. Co.*, 197 F.Supp.3d 944, 951 (S.D. Tex. 2016) (citation omitted).  "In other words, a plaintiff must plead the 'who, what, when, where, and how' of the fraud." *Id.* (citing *Williams v. Bell Helicopter Textron, Inc.*, 417 F.3d 450, 453 (5th Cir. 2005)).  "Failure to comply with Rule 9(b)'s requirements authorizes the Court to dismiss the pleadings as it would for failure to state a claim under Rule 12(b)(6)." *Spring St. Apts Waco, LLC v. Philadelphia Indem. Ins. Co.*, 2017 WL 1289036, at *3 (W.D. Tex. Apr. 6, 2017) (citation omitted).

## SUMMARY OF THE ARGUMENT

The First Amended Cross-Claim fails to state plausible claims for relief against Wright National for contribution, negligence and negligent misrepresentation.  As to Wright National, the First Amended Cross-Claim is devoid of facts and offers nothing more than conclusions and a vague, formulaic recitation of Cross-Claims for

3

contribution, negligence and negligent misrepresentation, which fails to satisfy the pleading standard prescribed by Fed. R. Civ. P. 8(a), and the falls far short of satisfying the heightened pleading standard prescribed by Fed. R. Civ. P. 9(b). The bald assertions, conclusory allegations and formulaic recitations of the claims are insufficient to satisfy the plausibility standard under *Iqbal* and *Twombly*, let alone the more stringent pleading requirements of Rule 9(b). Dismissal of the First Amended Cross-Claims against Wright National is therefore appropriate.

## **MOTION TO DISMISS AND SUPPORTING MEMORANDUM**

Wright National Flood Insurance Company ("Wright National"), a Write-Your-Own ("WYO") Program carrier participating in the U.S. Government's National Flood Insurance Program ("NFIP") pursuant to the National Flood Insurance Act of 1968, as amended,[1] appearing herein in its "fiduciary"[2] capacity as the "fiscal agent of the United States,"[3] moves to dismiss the First Amended Cross-Claim (Dkt. 24) filed by STGJ Enterprises, LLC d/b/a SMI Agency ("SMI") pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure because (as alleged) the Amended Cross-Claim fails to state a claim against Wright National upon which relief can be granted.

---

[1] 42 U.S.C. § 4001 *et seq.*
[2] 44 C.F.R. § 62.23(f).
[3] 42 U.S.C. § 4071(a)(1); *Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir. 1998).

4

I. **Statement Of Alleged Facts And Cross-Claims**

A. **Factual Background.**  The First Amended Cross-Claim ("FACC") alleges that "Plaintiffs' First Amended Complaint (Dkt. No. 23) alleges the following causes of action against SMI and the other Defendants: 1) violations of the Texas Deceptive Trade Practices Act; 2) violations of the Texas Insurance Code; and 2) negligent misrepresentation." (FACC ¶ 2.1).  SMI notes that "Plaintiffs allege that they purchased a flood policy for their residence in Galveston, located at 2705 Ave. O (the 'Property'), based on a quote they received for an annual premium of $430.00" which "was based on the location of the Property 'in a "preferred flood zone,"' which has lower flood premiums that properties in areas that FEMA has identified as a higher flood risk." (FACC ¶ 2.2).  SMI further notes that in the First Amended Complaint, Plaintiffs "claim that they relied on the flood risk and premium information when they closed on the purchase of the Property"; that "Plaintiffs allege that they were subsequently informed the premium was misquoted due to an error in describing the location of the Property in a 'preferred zone'"; and that "Plaintiffs allege[] their flood policy premium was $3,000 more than initially quoted." (FACC ¶ 2.3).

SMI alleges that "[o]n April 2, 2015, SMI provided a preferred flood non-binding quote to Plaintiffs for the Property with a one-year premium of $430.00" which "was based on information provided by Defendant LERETA, LLC regarding the flood zone for the Property." (FACC ¶ 2.4).  SMI further alleges that LERETA, LLC "provided a Standard Flood Hazard Determination Form, dated March 27, 2015, that identified Flood Zone X for the Property" and "also provided SMI with a Standard Flood Hazard

5

Determination Form dated July 6, 2015, that again identified Flood Zone X for Plaintiff's residence." (FACC ¶¶ 2.5-2.6).  SMI alleges that "Plaintiffs' mortgage provider subsequently determined that the Property is located in Flood Zone AE, contrary to the information provided by LERETA, LLC." (FACC ¶ 2.7).

Notably, the Cross-Claim is devoid of any factual allegations directed at Wright National.  SMI merely alleges that "Defendant Wright uses LERETA, LLC for flood zone determinations." (FACC ¶ 2.4).

**B.  Cross-Claims.**  SMI's First Amended Cross-Claim purports to allege two Cross-Claims against LERETA, LLC and Wright National.

The first Cross-Claim, entitled "Cross-Claim for Contribution", alleges in a formulaic, conclusory fashion that "Cross-Plaintiff SMI asserts a cross-claim for contribution against Defendants/Cross-Defendants LERETA, LLC and Wright National Flood Insurance"; that "SMI's Cross-Claim arises out of the same transaction or occurrence that is the subject matter of the original action herein"; that "Cross-Defendants LERETA, LLC and Wright are liable to SMI for all or part of Plaintiffs' claims asserted against SMI in this lawsuit"; that "[i]n the unlikely event SMI is found liable to Plaintiffs in any respect, SMI asserts the damages claimed by Plaintiffs were proximately caused by the acts or omissions of Cross-Defendants, who are in the business of identifying flood zone designations, writing and issuing flood insurance; and who actually misquoted the flood zone designation and placed the insurance policy based on the misquoted flood zone designation"; that "[a]s such SMI is forced to file this Cross-Claim against LERETA, LLC and Wright"; and that "SMI requests that any damages

awarded against it be reduced by the proportion of responsibility attributed to Cross-Defendants, Plaintiffs and any responsible third parties, pursuant to TEX.CIV.PRAC.&REM.CODE §§ 33.001, et seq." (FACC ¶¶ 3.2-3.6).

The second Cross-Claim, entitled "Cross-Claim for Negligence and Negligent Misrepresentation," similarly alleges in a formulaic, conclusory manner that "SMI denies it committed any wrongful acts of negligent misrepresentation, violations of the Texas Deceptive Trade Practices Act, or violations of the Texas Insurance Code"; and that "[i]n the unlikely event that SMI is found liable to Plaintiffs, then SMI asserts Plaintiffs' damages, if any, are attributable to the negligence and negligent misrepresentation made by LERETA, LLC *and/or* Wright National Flood Insurance to Plaintiffs with respect to their identification of the wrong flood zone and placing a policy of flood insurance with the wrong flood zone for Plaintiffs' home." (FACC ¶¶ 4.2-4.3 (emphasis added)).

## II. Argument

**1. SMI's First Amended Cross-Claim For Contribution Fails To State A Claim Against Wright National.**

As to Wright National, the First Amended Cross-Claim is devoid of facts and offers nothing more than conclusions and a vague, formulaic recitation of a Cross-Claim for contribution, which fails to satisfy the pleading standard prescribed by Fed. R. Civ. P. 8(a). Moreover, because Plaintiffs' First Amended Complaint purports to allege statutory and common law fraud claims governed by Fed. R. Civ. P. 9(b) – namely, alleged deceptive acts and misrepresentations which allegedly give rise to liability under the Texas DTPA and Section 541 of the Texas Insurance Code, and for negligent

7

misrepresentation – the Cross-Claim for Contribution also must comply with Rule 9(b)'s heightened pleading standards. It clearly fails to do so, and therefore should be dismissed for failure to state a claim.

The Southern District of Texas has determined that "while state law may provide the substantive bases upon which … cross-claims for indemnity and contribution rest, the manner and details of pleading are governed by the Federal Rules of Civil Procedure." *Askanase v. Fatjo*, 148 F.R.D. 570, 573 (S.D. Tex. 1993) (citations omitted). "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678. (citations omitted). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (citation omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' *Id.* (citation omitted); *see also Askanase*, 148 F.R.D. at 573 ("A pleading that contains merely bare allegations of liability, without pleading facts giving rise to this liability, does not adequately provide the opposing party with notice of the nature of the claim asserted."). "Accordingly, cross-claims for indemnity and contribution must state both a factual and a legal basis for the claimant's entitlement to the relief requested." *Askanase*, 148 F.R.D. at 573. Moreover, "claims seeking indemnity or contribution in a fraud action must conform with the pleading requirements of Rule 9(b)." *Id.* at 574 (citations omitted).

8

SMI's Amended Cross-Claim for Contribution falls far short of alleging a plausible claim for relief against Wright National pursuant to *Twombly* and *Iqbal*, and likewise fails to plead the "who, what, when, where, and how" of any alleged fraud or misrepresentation attributable to Wright National as required by Rule 9(b). Indeed, as summarized above, the Amended Cross-Claim is devoid of any facts upon which a plausible claim for relief can be asserted against Wright National.[4] Absent further factual enhancement, dismissal is appropriate under Rules 12(b)(6) and 9(b).

Moreover, as alleged in the First Amended Complaint, Wright National merely issued a Standard Flood Insurance Policy (SFIP) and charged a premium based on information supplied by Plaintiffs in the SFIP application, in accordance with the NFIP and applicable federal regulations. Importantly, Wright National acted as "an intermediary for the Government." *Spong v. Fid. Nat. Prop. & Cas. Ins. Co.*, 787 F.3d 296, 308 (5th Cir. 2015). "The [Plaintiffs] applied for a flood insurance policy that was part of a federal program, with the understanding that covered claims would be paid with federal funds." *Id.* "[I]n the federal flood insurance scheme," Wright National was merely "a conduit." *Id.* at 310.

The SFIP Application, which is a part of the SFIP, provides in part: "3. Application. The statement made and signed by you or your agent in applying for this policy. The application gives information we use to determine the eligibility of the risk,

---

[4] The Plaintiffs have alleged that they requested a flood policy quote from SMI, not from Wright National. SMI concedes as much. *See* FACC ¶ 2.4. The Cross-Claim alleges that the quote SMI provided to Plaintiffs "was based on information provided by Defendant LERETA, LLC regarding the flood zone for the Property." *Id.*

the kind of policy to be issued, and the correct premium payment." 44 C.F.R. § Pt. 61, App. A(1), art. II(B)(3) (Definitions). Under federal law, the agent acts for the Insured and does not act as an agent for Wright National. *See* 44 C.F.R. § 61.5(e) ("The [SFIP] is authorized only under terms and conditions established by Federal statute, the program's regulations, the Administrator's interpretations and the express terms of the policy itself. Accordingly, representations regarding the extent and scope of coverage which are not consistent with the [NFIA], as amended, or the Program's regulations, are void, and the duly licensed property or casualty agent acts for the insured and does not act as agent for the Federal Government, the [FEMA], or the servicing agent.").

Thus, under controlling federal law the onus was squarely on the Plaintiffs and their agent (not Wright National) to furnish accurate information and statements about the property to be used to determine the eligibility of the risk, the kind of SFIP to be issued, and the correct premium payment. It was incumbent on the Plaintiffs and their agent—not Wright National—to determine whether the property was located in a "preferred flood zone" and how the property's location would affect rating. *See Lobeck v. Licatino*, 678 Fed. Appx. 258, 259-60 (5th Cir. Mar. 7, 2017) ("Lobeck contends that she reasonably relied on Fidelity and GIA's misrepresentations that her property was insurable. However, she was insured by the federal government through the NFIP; thus Fidelity and GIA were acting as government agents ... As the Supreme Court has previously stated, 'those who deal with the Government are expected to know the law and may not rely on the conduct of government agents contrary to the law.' *See Heckler v. Community Health Services*, 467 U.S. 51, 63 (1984); *Federal Crop Insurance Co. v.*

10

*Merrill*, 332 U.S. 380, 384-85 (1947). Consequently, Lobeck was charged with the constructive knowledge that her property is located in the CBRS, and so her argument fails."); *Spong v. Fid. Nat'l Prop. & Cas. Ins. Co.*, No. 16-41165, 2017 WL 2870989, at *4 (5th Cir., July 5, 2017) ("Given the Spongs' imputed knowledge, Fidelity correctly argues that the unconscionability claim was properly dismissed. In *Spong,* we concluded it was 'incumbent upon the Spongs to determine whether their property was eligible for a SFIP.' 787 F.3d at 309. We also determined that, at the time the Spongs obtained the SFIP, they were "in possession of essentially the same facts as Fidelity." *Id.* at 310. Therefore, an essential element of the claim—a lack of knowledge—is absent.").

Thus, dismissal of SMI's Cross-Claim for Contribution is appropriate for failure to state an actionable claim against Wright National upon which relief can be granted.

2. **SMI's First Amended Cross-Claim Fails To State A Claim Against Wright National For Negligence And Negligent Misrepresentation.**

The First Amended Cross-Claim also purports to allege a claim against Wright National for negligence and negligent misrepresentation, but like the Cross-Claim for Contribution falls far short of alleging a plausible claim for relief.

To "state a claim for negligence under Texas law, a plaintiff must allege: (1) the defendant owed a legal duty to plaintiff, (2) the duty owed was breached, and (3) the breach proximately caused plaintiff's injury." *McWright v. Bank of Am., N.A.,* No. 3:13-CV-1345-N-BF, 2013 WL 6735013, at *6 (N.D. Tex. Dec. 23, 2013). "[T]he existence of a duty is an essential element of a negligence claim under Texas law[.]" *Gutierrez v.*

11

*Allstate Fire & Cas. Ins. Co.*, No. 3:17-CV-0636-D, 2017 WL 2378298, at * 5 (N.D. Tex. June 1, 2017).

"Under Texas law, a claimant alleging negligent misrepresentation must show the following: (1) the representation is made by a defendant in the course of his business, or in a transaction in which the defendant has a pecuniary interest; (2) the defendant supplies 'false information' for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers a pecuniary loss by justifiably relying on the representation." *Spring St. Apts Waco, LLC v. Philadelphia Indem. Ins. Co.*, No. W-16-CA-00315-JCM, 2017 WL 1289036, at *11 (W.D. Tex. Apr. 6, 2017) (citing *Ellis v. Bank of N.Y. Mellon Trust Co.*, No. 4:11–CV–049, 2012 WL 359673, at *3 (E.D. Tex. Feb. 2, 2012); *Fed. Land Bank Ass'n v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991)).

Fed. R. Civ. 9(b) requires a plaintiff to plead a claim for negligent misrepresentation with particularity. Bald assertions, conclusory allegations and formulaic recitations of the claim (such as those contained in the First Amended Cross-Claim) are insufficient to satisfy the plausibility standard under *Iqbal* and *Twombly*, let alone the more stringent pleading requirements of Rule 9(b). *See Nelson v. Ocwen Loan Servicing, LLC*, No. CV H-16-778, 2016 WL 7324284, at *7 (S.D. Tex. Nov. 7, 2016), *report and recommendation adopted*, No. CV H-16-778, 2016 WL 7242735 (S.D. Tex. Dec. 15, 2016).

Here, SMI's "Cross-Claim for Negligence and Negligent Misrepresentation" merely alleges in a formulaic, conclusory manner that "SMI denies it committed any

12

wrongful acts of negligent misrepresentation, violations of the Texas Deceptive Trade Practices Act, or violations of the Texas Insurance Code"; and that "[i]n the unlikely event that SMI is found liable to Plaintiffs, then SMI asserts Plaintiffs' damages, if any, are attributable to the negligence and negligent misrepresentation made by LERETA, LLC *and/or* Wright National Flood Insurance to Plaintiffs with respect to their identification of the wrong flood zone and placing a policy of flood insurance with the wrong flood zone for Plaintiffs' home." (FACC ¶¶ 4.2-4.3 (emphasis added)).  This is exactly the type of "unadorned, the-defendant-unlawfully-harmed-me accusation" that the Supreme Court has determined fails to satisfy Fed. R. Civ. P. 8.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Dismissal of the negligence claim is appropriate because the Amended Cross-Claim fails to plausibly demonstrate that Wright National owed a legal duty to SMI; that any such duty owed was breached by Wright National; or that any alleged breach of duty by Wright National caused injury to SMI.  And dismissal of the negligent misrepresentation claim is appropriate because the Amended Cross-Claim fails to plausibly demonstrate that Wright National made a representation in the course of its business, or in a transaction in which Wright National had a pecuniary interest; that Wright National supplied false information for the guidance of others in their business; that Wright National did not exercise reasonable care or competence in obtaining or communicating the information; and that SMI suffered a pecuniary loss by justifiably relying on the representation.

### III. Conclusion And Prayer For Relief

WHEREFORE, Defendant Wright National Flood Insurance Company prays that this Honorable Court grant Wright National's Motion to Dismiss pursuant to Fed. R. Civ. P. 9(b) and 12(b)(6), and dismiss the First Amended Cross-Claim with prejudice.

Dated: August 21, 2017

Respectfully submitted,

**BAKER & HOSTETLER, LLP**

By: /s/ *Bradley K. Jones*
Bradley K. Jones
State Bar No. 24060041
Federal ID No. 931122
811 Main Street, Suite 1100
Houston, Texas 77002
Telephone: (713) 751-1600
Facsimile: (713) 751-1717
E-mail: bkjones@bakerlaw.com

AND

**FREEBORN & PETERS LLP**
Theodore I. Brenner (VSB # 17815)
Alexander S. de Witt (VSB # 42708)
Joel W. Morgan (VSB # 65761)
411 East Franklin Street, Suite 200
Richmond, VA 23219
Telephone: (804) 644-1300
Facsimile: (804) 644-1354
E-mail: tbrenner@freeborn.com
E-mail: adewitt@freeborn.com
E-mail: jwmorgan@freeborn.com

**COUNSEL FOR DEFENDANT WRIGHT NATIONAL FLOOD INSURANCE COMPANY**

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 21, 2017, a true copy of the foregoing has been served upon all parties or their attorneys contemporaneously with the filing of this pleading using this Court's CM/ECF system.

/s/ *Bradley K. Jones*
Bradley K. Jones