## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | | |
|---|---|---|
| MICHAEL PELTIER *and* KELLY PELTIER, | § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | Civil Action No. 3:17-CV-00202 |
| SGTJ ENTERPRISES, LLC, d/b/a, SMI AGENCY, LERETA, LLC *and* WRIGHT NATIONAL FLOOD INSURANCE, | § § § § § | |
| *Defendants*. | § § | |

## DEFENDANT LERETA, LLC'S PARTIAL MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

TO THE HONORABLE GEORGE C. HANKS, JR.:

Defendant LERETA, LLC ("LERETA") files this Partial Motion to Dismiss Plaintiffs' First Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and in support thereof respectfully shows as follows:

## STATEMENT OF ISSUES AND SUMMARY OF ARGUMENT

Plaintiffs' First Amended Complaint alleges three causes of action: (1) violation of the Texas Deceptive Trade Practices Act; (2) violation of Section 541 of the Texas Insurance Code; and (3) negligent misrepresentation. The issue presented by this motion is whether Plaintiffs' claims for negligent misrepresentation and violation of the Texas Insurance Code asserted against LERETA should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. They should be.

Plaintiffs allege Defendants SMI Agency and Wright National Flood Insurance misrepresented the costs of flood insurance based on an erroneous flood zone determination issued by LERETA. Plaintiffs do not allege that they were customers of LERETA, had contact with LERETA, or that LERETA issued a flood zone determination to them. Instead, Plaintiffs claim that LERETA should be held liable for negligent misrepresentation and violation of Section 541 of the Texas Insurance Code because a FEMA Standard Flood Hazard Determination Form ("Determination") that LERETA issued to Wright incorrectly indicated that Plaintiffs' property in Galveston, Texas, was not in a "Special Flood Hazard Area."

But Plaintiffs cannot show that they justifiably relied on the Determination because the Determination expressly disclaims reliance by any individual or entity other than the individual or entity to which it was issued. Plaintiffs do not allege that the Determination was issued to them. Indeed, Plaintiffs are not named as individuals who are entitled to rely upon the Determination. And, because the Determination expressly disclaims such third-party reliance, Plaintiffs' alleged reliance upon the Determination was unjustifiable as a matter of law.

Furthermore, Plaintiffs fail to allege facts establishing that LERETA engaged in conduct prohibited by Sections 541.051(1) and 541.061 of the Texas Insurance Code. Accordingly, Plaintiffs' claims for negligent misrepresentation and violation of the Texas Insurance Code should be dismissed.

## STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Dismissal is appropriate if, assuming the truth of all facts alleged in the complaint, the plaintiff is not entitled to relief as a matter of law." *Aldous v. Darwin Nat'l Assurance Co.*, 851 F.3d 473, 478 (5th Cir. 2017) (citing *Iqbal*, 556 U.S. at 678).

## FACTUAL BACKGROUND

On April 16, 2015, Plaintiffs entered into an earnest money contract for the purchase of real property located at 2705 Avenue O, Galveston, Texas 77550 (the "Property"). Doc. 23 (First Am. Compl.) ¶ 21. Among other requirements, the earnest money contract required that Plaintiffs secure third-party financing and ensure compliance with their lender's insurability requirements. *Id.* ¶ 23.

Plaintiffs secured financing through Georgetown ATC LLC ("Georgetown"). *Id.* ¶ 45. Plaintiffs allege that Georgetown's loan was conditioned on Plaintiffs maintaining flood insurance on the Property. *Id.* ¶ 45. Plaintiffs requested SMI to provide them with an insurance quote. *Id.* ¶ 25. SMI provided a quote for flood insurance at an annual premium of $430 and deductible of $1,250, noting in the quote that the Property was in a "Preferred Flood Zone . . . which has a lower premium then [sic] other Flood Zones." *Id.* at Ex. A. Plaintiffs purchased the policy from SMI, but the policy was issued by Wright. *Id.* ¶¶ 41–42. Plaintiffs closed on the Property on or about May 31, 2015. *Id.* ¶ 40.

On July 17, 2015, Wright sent a notice to Plaintiffs and Georgetown notifying them that Wright was cancelling Plaintiffs' current policy and issuing a new policy. *Id.* ¶¶ 43–44, Ex. B. The new policy carried a premium of $3,685, and a higher deductible, consistent with a re-determination that showed the Property in a "Special Flood Hazard Area"—a zone at greater risk of flood loss. *Id.* ¶¶ 49–50.

Plaintiffs allege that LERETA issued an inaccurate flood zone determination, which located the Property outside of a "Special Flood Hazard Area." *Id.* ¶¶ 53–58. Plaintiffs contend they relied upon that inaccurate determination in purchasing flood insurance from SMI and Wright. *Id.* ¶ 40. Plaintiffs contend that the alleged inaccuracy resulted in them purchasing a flood insurance policy that provided inadequate coverage based on the flood risk, and that they must now purchase flood insurance at a higher cost, thereby resulting in damages to them of the premium difference over the term of the loan. *Id.* ¶¶66–68.

## ARGUMENT

### A. Plaintiffs' Negligent Misrepresentation Claim Fails for Lack of Justifiable Reliance.

To maintain a cause of action for negligent misrepresentation under Texas law, a plaintiff must establish four elements:

> (1) the representation is made by a defendant in the course of his business, or in a transaction in which he has a pecuniary interest; (2) the defendant supplies "false information" for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers pecuniary loss by ***justifiably relying*** on the representation.

*Clardy Mfg. Co. v. Marine Midland Bus. Loans Inc.*, 88 F.3d 347, 357 (5th Cir. 1996) (emphasis added). To establish reliance, "a plaintiff must show actual reliance and that

plaintiff's reliance is justifiable." *Willis v. Marshall*, 401 S.W.3d 689, 699 (Tex. App.—El Paso 2013, no pet.) (citing *Grant Thornton LLP v. Prospect High Income Fund*, 314 S.W.3d 913, 923 (Tex. 2010)).[1] To determine whether reliance is justifiable, Texas courts consider "the nature of the relationship between the professional, his client, and the non-client." *Id.* at 699 (citing *McCamish, Martin, Brown & Loeffler v. F.E. Appling Interests*, 991 S.W.2d 787, 794 (Tex. 1999)). "The professional *must invite* the non-client's reliance." *Id.* (emphasis added). The Texas Supreme Court has also opined that reliance is not justifiable when there are "red flags" indicating that reliance is unwarranted. *Id.* at 700 (citing *Grant Thornton LLP*, 314 S.W.3d at 923).

Plaintiffs allege that they "act[ed] in reliance on the information they had been provided about the flood risk and insurance costs." Doc. 23 ¶ 40. But it is not enough for Plaintiffs to claim that they relied on an alleged misrepresentation; Plaintiffs must also show that such reliance was justifiable. Plaintiffs cannot make that showing.

On July 6, 2015, Defendant Wright requested from LERETA a flood hazard determination for the Property. LERETA issued that determination to Wright on the same date. Ex. A. That determination indicated that the Property was not in a special flood hazard

---

[1]Texas has long followed the Restatement's approach to liability for negligent misrepresentation (*see Willis*, 401 S.W.3d at 698 (citing *Grant Thornton LLP*, 314 S.W.3d at 919)), which is limited to loss suffered:

    (a) by the person or one of a limited group of persons for whose benefit and guidance he intends to supply the information or knows that the recipient intends to supply it; and

    (b) through reliance upon it in a transaction that he intends the information to influence or knows that the recipient so intends or in a substantially similar transaction.

*Id.* at 698–99 (citing RESTATEMENT (SECOND) OF TORTS §552)).

area. *Id.* Plaintiffs contend they relied upon that Determination in acquiring the Property and the flood insurance they purchased from Defendant Wright through Defendant SMI.[2] Doc. 23 ¶ 40.

But Plaintiffs' claims against LERETA fail as a matter of law because they cannot show that they justifiably relied upon any representation made by LERETA in the July 6, 2015 Determination. That is because that Determination expressly states (in bold type) that it cannot be used by or relied upon by any entity or individual other than the named lender:

> **This flood determination is provided solely for the use and benefit of the entity named in Section 1, Box 1 in order to comply with the 1994 Reform Act and may not be used for or relied upon by any other entity or individual for any purpose, including, but not limited to deciding whether to purchase a property or determining the value of a property.**

Ex. A. Additionally, the second page of the Determination that includes a diagrammed map of the subject property states:

> **This FloodPlus document is for the sole purpose of viewing an approximate property location and its proximity to flood zones only. This document may not be used for or relied upon by any other entity or individual for any purpose, including, but not limited to determining flood hazard status or the exact location of the structure on the property.**

*Id.* These disclaimers are more than "red flags"—they are direct statements that Plaintiffs were not authorized to rely on the Determination. *See Willis*, 401 S.W.3d at 700 (concluding that disclaimer letters from defendant accounting firm to plaintiff partnership limiting the extent to which partners could rely on the accounting firm's financial report

---

[2]In their First Amended Complaint, Plaintiffs refer to, and quote, the July 6, 2015, Flood Hazard Determination and indicate that it is attached as "Exhibit A" to the Complaint. But it is not. LERETA attaches to this Motion a true and correct copy of the Flood Hazard Determination that was requested by, and issued to, Defendant Wright on July 6, 2015, and that Plaintiffs contend they relied upon.

"surpass[ed] the 'red flag' analogy" and "show[ed] that [the firm] did not invite [plaintiffs'] reliance"). LERETA in no way "invited" Plaintiffs' reliance.[3] To the contrary, LERETA expressly, and preemptively, denied it.

The United States Court of Appeals for the Fifth Circuit has held that the presence of disclaimers limiting the scope of who is entitled to rely on a representation raises a plaintiff's burden to plead additional facts supporting an allegation that the defendant intended the plaintiff's reliance, despite the express disclaimer. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 320 (5th Cir. 2002). In *Great Plains*, debenture holders of an acquired corporation sued the investment bank hired to advise the acquired corporation in a merger, alleging that the investment bank made negligent misrepresentations in a financial fairness opinion it rendered on behalf of the acquired corporation. *Id.* at 308–09. The debenture holders alleged that the investment bank "knew that [the acquired corporation] would disseminate the Letter Opinions and related information concerning their due diligence investigation to third parties, such as the [acquired corporation's] shareholders and debenture holders." *Id.* at 319. The "Letter Opinions," however, contained disclaimers stating that they were only for the information of the board of directors of the company and could not be used for any other purpose without the bank's consent, except to be included in any filing with the Securities and Exchange Commission regarding the merger. *Id.* at 309. Holding that the debenture holders' negligent misrepresentation claim should be dismissed, the Fifth Circuit noted:

---

[3]Indeed, Plaintiffs do not allege that LERETA provided the July 6, 2015 Determination, or any information about flood risk, *to the Plaintiffs*, or that LERETA had any contact with Plaintiffs whatsoever.

> Confronted with documents that confined [the investment bank's] role and restricted distribution of its opinion, plaintiffs were required to do more than posit conclusory assertions concerning what defendants intended and about their knowledge concerning [the acquired corporation's] intent to supply information to the debenture holders.

*Id.* at 320.

Relying on *Great Plains*, the U.S. District Court for the Western District of Texas dismissed a negligent misrepresentation claim brought against an actuary services provider for issuing erroneous actuarial opinions. *SC & E Admin. Servs., Inc. v. Deloitte*, 2006 WL 674974, at *10 (W.D. Tex. July 25, 2006). The plaintiffs, who were shareholders in the company for which the opinions were issued, alleged that they were intended recipients of the opinions and had relied on them. *Id.* at *9. However, the opinions contained disclaimers that they were "solely for the use of, and only to be relied upon by, the Company and the Cayman Islands Monetary Authority." *Id.* at *10. Finding that the plaintiffs had failed to plead specific facts demonstrating that the actuary intended plaintiffs' reliance, the district court concluded that dismissal was warranted. *Id.*

These authorities compel the conclusion here. The Determination upon which Plaintiffs claim to have relied expressly limits the scope of who is authorized to rely on it to the "entity named in Section 1, Box 1." Ex. A. Plaintiffs were never named in Section 1, Box 1. *Id.* Indeed, the Determination expressly provides that anyone other than the individual or entity identified in the "Section 1, Box 1" (such as Plaintiffs) are <u>not</u> entitled to "rel[y]" upon the Determination "for *any* purpose, including, but not limited to *deciding whether to purchase a property . . .*" or "*determining flood hazard status . . . .*" Ex. A.

Plaintiffs have not alleged and cannot allege any specific facts to demonstrate that, despite these disclaimers, LERETA *intended* Plaintiffs to rely on the July 6, 2015 Determination. *See Deloitte*, 2006 WL 6747974, at *10. Because any alleged reliance by Plaintiffs was not justifiable as a matter of law, their negligent misrepresentation claim should be dismissed.

**B. Plaintiffs' First Amended Complaint Fails to Allege Any Facts to Support a Claim Against LERETA for Violation of Section 541 of the Texas Insurance Code.**

In addition, Plaintiffs' claims for violation of the Texas Insurance Code also fail as against LERETA because Plaintiffs have not alleged, and cannot allege, facts sufficient to demonstrate that LERETA violated either Section 541.051 or Section 541.061 of the Code. Section 541.051 makes it an unfair method of competition or an unfair and deceptive act or practice in the business of insurance to:

(1)   make, issue, or circulate or cause to be made, issued, or circulated an estimate, illustration, circular, or statement misrepresenting with respect to a policy issued or to be issued:

    (A)   the terms of the policy;

    (B)   the benefits or advantages promised by the policy; or

    (C)   the dividends or share of surplus to be received on the policy;

(2)   make a false or misleading statement regarding the dividends or share of surplus previously paid on a similar policy;

(3)   make a misleading representation or misrepresentation regarding:

    (A)   the financial condition of an insurer;

    (B)   the legal reserve system on which a life insurer operates;

(4)   use a name or title of a policy or class of policies that misrepresents the true nature of the policy or class of policies; or

(5)   make a misrepresentation to a policyholder insured by any insurer for the purpose of inducing or that tends to induce the policyholder to allow an existing policy to lapse or to forfeit or surrender the policy.

TEX. INS. CODE § 541.051. Plaintiffs have not alleged, and cannot allege, sufficient facts to show that LERETA made any misrepresentation about "the terms of [a] policy," "the benefits or advantages promised by [a] policy," or "the dividends or share of surplus to be received by [a] policy." Nor have Plaintiffs alleged that LERETA violated any of the other provisions of Section 541.051. Plaintiffs allege that they "were provided a form issued by Defendant LERETA which reflected a standard Flood Hazard Determination, FEMA Form 086-0-32 (4/12)", and that that form contained an erroneous flood zone determination. Doc. 23 ¶¶ 53, 65. The Determination, and any representations made in it, were not representations about the "terms," "benefits," "dividends," "financial condition of an insurer," or any other feature of an insurance policy as required under Section 541.051.

Section 541.061 makes it "an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to misrepresent an insurance policy by":

(1)    making an untrue statement of material fact;
(2)    failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made;
(3)    making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;
(4)    making a material misstatement of law; or
(5)    failing to disclose a matter required by law to be disclosed, including failing to make a disclosure in accordance with another provision of this code.

TEX. INS. CODE § 541.061. Likewise, although Plaintiffs contend that LERETA made a misrepresentation of fact, Plaintiffs cannot allege or show that LERETA "misrepresent[ed] an insurance policy," as the statute requires. *Id.* Rather, Plaintiffs allege that LERETA misrepresented that the Property resided outside of a flood zone. Doc. 23 ¶¶ 54–56. The

Determination, and any representations made in it, are decidedly not "an insurance policy" as contemplated by Section 541.061.

Plaintiffs have failed to allege, and cannot allege, *any* facts as to LERETA to establish any of the conduct outlined in Section 541 of the Texas Insurance Code. Plaintiffs' bare conclusions and "formulaic recitation of the elements of a cause of action" are insufficient as a matter of law to maintain a cause of action for violation of Section 541 of the Texas Insurance Code. *See Iqbal*, 556 U.S. at 678.

## CONCLUSION AND PRAYER FOR RELIEF

Defendant LERETA, LLC, respectfully prays that the Court grant LERETA's Partial Motion to Dismiss Plaintiffs' First Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and dismiss Plaintiffs' causes of action for negligent misrepresentation and violation of the Texas Insurance Code with prejudice.

DATED: September 21, 2017

Respectfully submitted,
**BECK | REDDEN LLP**

By: */s/ Bryon A. Rice*
    Bryon A. Rice
    State Bar No. 24065970
    Federal ID No. 1118643
1221 McKinney St., Suite 4500
Houston, Texas 77010-2010
Telephone: (713) 951-3700
Facsimile: (713) 951-3720
brice@beckredden.com
**ATTORNEY IN CHARGE FOR**
**DEFENDANT LERETA, LLC**

**OF COUNSEL:**
**BECK | REDDEN LLP**
Jacqueline M. Furlow
State Bar No. 24087551
Fed. ID No. 2191275
1221 McKinney St., Suite 4500
Houston, Texas 77010-2010
Telephone: (713) 951-3700
Facsimile: (713) 951-3720
jfurlow@beckredden.com


## CERTIFICATE OF CONFERENCE

The undersigned counsel has conferred with counsel for Plaintiffs and counsel for Plaintiffs has indicated that Plaintiffs are opposed to relief sought by this motion.

/s/     *Bryon A. Rice*
Bryon A. Rice


## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing pleading was served on all counsel of record through the Court's electronic filing system on the 21st of September 2017.

/s/     *Bryon A. Rice*
Bryon A. Rice